KIRSCH, Judge,
dissenting.
I respectfully dissent.
To conduct an investigatory stop, a police officer must have a reasonably articu-lable suspicion of criminal activity. See Terry v. Ohio, 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). To determine whether a citizen’s constitutional rights are violated by such a stop, the Supreme Courts of the United States and of Indiana have directed reviewing courts to look at the “ ‘totality of the circumstances’ of each case to see whether the detaining officer has a ‘particularized and objective basis’ for suspecting legal wrongdoing.” U.S. v. Arvizu, 534 U.S. 266, 274, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002), State v. Bulington, 802 N.E.2d 435, 438 (Ind.2004).
Both courts have also held as a general matter that “an anonymous tip alone is not likely to constitute the reasonable suspicion necessary for a valid Terry stop.” Lampkins v. State, 682 N.E.2d 1268, 1271 (Ind.1997) (citing Alabama v. White, 496 U.S. 325, 329-30, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990)). The concern about uncorroborated anonymous tips arises because “[i]f any anonymous caller’s allegation, uncorroborated by anything beyond public knowledge, could justify a search, every citizen’s home [and car for that matter] would be fair game for a variety of innocent and not so innocent intrusions.” Joggers v. State, 687 N.E.2d 180, 183 (Ind. 1997).
For an officer to have a “ ‘particularized and objective basis’ for suspecting legal wrongdoing, significant aspects of the tip must be corroborated by the police.” Lampkins, 682 N.E.2d at 1271. The corroboration requirement will be satisfied if the anonymous tip gives the police something more than details readily obtainable by the general public. See Johnson v. State, 659 N.E.2d 116, 119 (Ind.1995) *412 (holding that anonymous tip that provided only information easily obtainable by members of general public was insufficiently reliable to constitute reasonable suspicion to conduct investigatory stop). In addition, to constitute reasonable suspicion for an investigatory stop, an anonymous tip must also demonstrate an intimate familiarity with the suspect’s affairs and be able to predict future behavior. See id. at 118.
Here, the police received a tip from a 9-1-1 caller who, in response to police questioning, gave her name as “Renita Brown.” She was neither asked for, nor provided, any other information about her identity such as her age, address, or Social Security Number. The caller could not be located by either the State or the defense, and it is not known whether the caller was, in fact, “Renita Brown” or whether the caller provided a false name. Nothing known to the police officer, nor provided to this court, allow us to determine the accuracy or inaccuracy of the identification information.
In regard to the other information provided in the 9-1-1 call, the only information that was accurate was that Phillip Billingsley was in the passenger seat of an SUV in the parking lot of the Fort Wayne VFW and that the SUV could appear to be brown when viewed “in a darker light.” Other than Billingsley’s name, there was no information that provided details that would not be known to the general public, there was no information that demonstrated “an intimate familiarity” with Billings-ley’s affairs, and there was no information that demonstrated an ability to predict future behavior. None of the other information provided during the call was verified by the officer before conducting the investigatory stop. Indeed, none of such information was ever shown to be accurate.
Because there was no supporting information or any other indicia of reliability for the name provided, I do not believe that the mere providing of a name by a 9-1-1 caller removes this ease from the category of an anonymous caller. I also do not believe that the information known to the investigating officer was sufficient to satisfy the standards established by our Supreme Court and the Supreme Court of the United States for investigatory stops. Accordingly, I would reverse Billingsley’s conviction.